UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| MICHAEL SHAWN FORD, | ) | |
| | ) | Case Nos. 1:15-cr-89, 1:18-cv-141 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Michael Shawn Ford's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 42). Respondent, United States of America, opposes Petitioner's motion. (Doc. 49.) For the following reasons, the Court will **DENY** Petitioner's § 2255 motion (Doc. 42).

### I. BACKGROUND

On August 25, 2015, Petitioner was charged in a six-count indictment. (Doc. 1.) On May 2, 2016, Petitioner pleaded guilty to: (1) Count One for possession with the intent to distribute at least 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine and 5 grams or more of methamphetamine (actual), in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B); and (2) Count Two, for possession of a firearm in furtherance of a drug-trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i). (Doc. 29.) Pursuant to a written plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed to a sentence of 162 months' imprisonment, including consecutive sentences of 102 months on Count One and 60 months on Count Two.

(Doc. 23.) Based on Petitioner's offense level and criminal history, the Court calculated his advisory guidelines range as 121 to 151 months' imprisonment. (*See* Docs. 36, 41.) On July 29, 2016, the undersigned accepted the plea agreement and sentenced Petitioner to 162 months' imprisonment. (Doc. 40.) Petitioner did not file a direct appeal of his conviction or sentence. On June 25, 2018, Petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 42.) This motion is now ripe for the Court's review.

## II. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

In ruling on a motion made pursuant to § 2255, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Id*. (internal quotations omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing,

the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

### III. ANALYSIS

#### A. Timeliness of Petition

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner's motion is untimely under § 2255(f)(1).[1] As noted above, Petitioner did not appeal the district court's July 29, 2016 judgment imposing a 162-month term of imprisonment. "[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). Federal Rule of Appellate Procedure 4(b)(A) provides

---

[1] Petitioner alleges no facts which would trigger the other subsections under § 2255(f).

that a defendant's notice of appeal must be filed in the district court within fourteen days of the entry of judgment. Thus, Petitioner's judgment of conviction became final on August 12, 2016. Petitioner filed the instant motion on June 25, 2018—almost two years after his judgment of conviction became final and outside the one-year window for requesting collateral relief. As a result, Petitioner's § 2255 motion is not timely and is barred by the one-year statute of limitations. The Court will, therefore, **DENY** Petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.[2]

### B. Waiver

Even if Petitioner's motion were timely, he has waived his right to collaterally attack his conviction or sentence on the grounds asserted in his motion. Petitioner's plea agreement with the Government contains the following language:

> [T]he defendant voluntarily, knowingly, and intentionally agrees . . . not [to] file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

(Doc. 23, at 7.) "A defendant may waive any right, including a constitutional right, in a plea agreement so long as the waiver is knowing and voluntary." *United States v. Coker*, 514 F.3d 562, 573 (6th Cir. 2008) (citation omitted). Accordingly, "a defendant's informed and voluntary

---

[2] Additionally, nothing in the record supports equitable tolling of the one-year statute of limitations. While the one-year statute of limitations applicable to § 2255 motions is subject to equitable tolling, *Solomon v. United States*, 467 F.3d 928, 933, 935 (6th Cir. 2006), tolling is applied sparingly, *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005). To be entitled to equitable tolling, a habeas petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In this case, Petitioner has not provided facts demonstrating that he has been diligently pursuing his rights or that some extraordinary circumstance prevented timely filing the present motion.

4

waiver of the right to collaterally attack a sentence in a plea agreement bars such relief." *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999).

Petitioner bears the burden of presenting an argument that would render his waiver unknowing or involuntary. *United States v. Thompson*, No. CIV.A. 3:08CV-306-C, 2008 WL 6506506, at *11 (W.D. Ky. Nov. 7, 2008), *report and recommendation adopted*, No. CIV.A. 08-306-C, 2009 WL 1917073 (W.D. Ky. July 1, 2009); *see also United States v. Mabry*, 536 F.3d 231, 237 (3d Cir. 2008). Petitioner raises no such argument. Nevertheless, the Court's examination of the plea agreement confirms Petitioner's choice to enter into the plea agreement, and consequently to waive his right to collaterally attack his conviction on the grounds asserted, was knowingly, intelligently, and voluntarily made. The plea agreement itself contains the language "voluntarily, knowingly, and intentionally" and bears Petitioner's signature. (*See* Doc. 23.) Additionally, the magistrate judge's report and recommendation on Petitioner's guilty plea indicates that Petitioner's plea was "made voluntarily and free from any force, threats, or promises . . . ; that the [Petitioner] understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact." (Doc. 27, at 1.) Nothing in the record suggests Petitioner had any substantial reservations about the plea agreement or its bar on collateral attacks.

Petitioner makes no allegations that he received ineffective assistance of counsel or that he was a victim of prosecutorial misconduct; he contends only that the Government did not prove a nexus between the drugs and the gun to sustain his conviction on Count Two. (*See generally* Doc. 42.) Accordingly, his claim is barred by the waiver in his plea agreement.

### C. Merits of Petition

Finally, even if Petitioner's motion were timely and not waived, it would fail on the merits. Petitioner argues that the Government failed to prove a nexus existed between the drugs and the gun sufficient to sustain his conviction on Count Two. For the possession of a firearm to be in furtherance of a drug crime, "the firearm must be strategically located so that it is quickly and easily available for use." *United States v. Mackey*, 265 F.3d 457, 462 (6th Cir. 2001) (citation omitted). Other factors relevant to whether the weapon was possessed in furtherance of the crime include "whether the gun was loaded, the type of weapon, the legality of its possession, the type of drug activity conducted, and the time and circumstances under which the firearm was found." *Id.* (citation omitted).

In this case, when Petitioner pleaded guilty to Counts One and Two and signed a plea agreement with the Government, he agreed with the following factual basis:

> [Petitioner] admits he possessed the loaded Kel-Tec .380 caliber semi-automatic pistol that was seized from the laundry basket in the closet he was hiding in, and that one reason he possessed this particular firearm was to protect the methamphetamine that was seized from the backpacks . . . in furtherance of his drug distribution activities.

(Doc. 23, at 3.) Thus, Petitioner's admission that the gun was his, that he was hiding in the same closet as the gun, and that he possessed the firearm "in furtherance" of his drug activity is sufficient to sustain his conviction on Count Two.[3] Accordingly, Petitioner's argument lacks merit.

---

[3] Petitioner cites *United States v. Miller*, 890 F.3d 317 (D.C. Cir. 2018), for the proposition that the Government did not prove a nexus between the drugs and the gun. However, *Miller* does not help Petitioner. *Miller* concerned a two-point sentencing enhancement under United States Sentencing Guidelines § 2D1.1(b)(1), a different issue than the one presented here. Additionally, the Court of Appeals found the trial court erred in that case because, in applying the enhancement, it "limited its factual finding justifying the enhancement to a statement that '[the defendant] was in fact in possession of a firearm during this drug conspiracy'" but failed to

IV. **CONCLUSION**

For the reasons stated herein, the Court finds that no evidentiary hearing for this motion brought pursuant to 28 U.S.C. § 2255 is necessary and, on the basis of the record before it, that Petitioner is not entitled to relief. Accordingly, the Court **DENIES** Petitioner's § 2255 motion (Doc. 42). Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

"articulate a nexus between the firearms and the offenses at issue." *Id.* at 328. In contrast, the plea agreement at issue here contains statements from Petitioner that clearly meet the nexus requirement: that he possessed this firearm to protect the methamphetamine during his drug-distribution activities. *See United States v. Barnes*, 822 F.3d 914, 920 (6th Cir. 2016).